**Stuart B. Wolfe (Bar No. 156471)**
**Yaron Shaham (Bar No. 217192)**
**WOLFE & WYMAN LLP**
**5 Park Plaza, Suite 1100**
**Irvine, California 92614-5979**
**Telephone: (949) 475-9200**
**Facsimile: (949) 475-9203**

**Attorneys for Defendant**
**GMAC MORTGAGE, LLC**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA JEAN CRUZ,<br>Plaintiff,<br>v.<br>GMAC MORTGAGE, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and Does 1 through 10 Inclusive,<br>Defendants. | Case No. 3:08-cv-00474-LAB-JMA<br>**DEFENDANT GMAC MORTGAGE, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM; DECLARATION IN SUPPORT THEREOF [FRCP 12(b)(6)]**<br>Date: June 16, 2008<br>Time: 11:15 a.m.<br>Place: Courtroom 9, 2nd Floor<br>940 Front Street<br>San Diego, California 92101 |

**TO THE HONORABLE LARRY ALAN BURNS, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFF PAMELA JEAN CRUZ, PLAINTIFF'S COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

Defendant GMAC Mortgage, LLC ("GMACM") hereby submits the following in support of its Motion to Dismiss Plaintiff's Complaint for her failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

GMACM hereby moves for dismissal of each and every cause of action set forth in the Plaintiff's Complaint (the "Complaint") filed by Pamela Jean Cruz (the "Plaintiff") on March 14, 2008 with this Court. A true and correct copy of the Complaint is attached hereto as Exhibit 1 and incorporated herein by this reference. The Plaintiffs' Complaint contains, at a minimum, allegations that are unsubstantiated by her very own evidence, ambiguous and uncertain allegations, and allegations that are improperly plead. Pursuant to this Motion, GMACM requests that the Court dismiss each and every cause of action (there are four (4) alleged causes of action as to GMACM) asserted in the Complaint pursuant to FRCP 12(b)(6) for the Plaintiffs' failure to state a claim against GMACM upon which relief can be granted.

The Plaintiffs' First and Second Causes of Action relate to alleged violations of the Fair Credit Reporting Act. The Plaintiff's allegations are misleading and fail to inform the Court that on or about April 2, 2007, GMACM transferred the servicing rights to the subject loan to Saxon Mortgage Services, Inc. ("Saxon"). GMACM no longer made any reports to any credit agencies about the subject loan after March 2007. See Exhibit 1, Exhibit B of Plaintiff's Complaint. Conspicuously, Saxon is not named as a party to this Adversary Proceeding.

The Third Cause of Action for Defamation is meritless. The evidence clearly shows that GMACM stopped servicing the subject loan pre-petition and also stopped reporting to Experian pre-petition. See Exhibit 1, Exhibit B of Plaintiff's Complaint. There is no malice and/or willful intent on behalf of GMACM as the servicing rights for the subject loan were transferred, pre-petition, to Saxon in early April 2007. As of April 2007, GMACM had no contact or any reason to contact the Plaintiff.

The Fourth Cause of Action for Declaratory Relief is baseless as no actual controversy exists between the parties. GMACM stopped servicing the subject loan pre-petition, stopped making any contact with Defendant Experian Information Solutions, Inc. ("Experian") pre-petition, and informed the Plaintiff that Saxon would be servicing the subject loan beginning in April 2007.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## II.

## FACTUAL BACKGROUND

On or about September 2006, GMACM began servicing the subject loan for the current beneficiary for the subject loan for the real property located at 2563 Floradale Way, Lincoln, CA 95648 (the "Subject Property"). On or about March 16, 2007, as required by the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 *et. seq.*), GMACM provided notice to the Plaintiff that Saxon would be the new servicer of the subject loan as of April 1, 2007. A true and correct copy of GMACM's March 16, 2007 correspondence to the Plaintiff is attached hereto as Exhibit 2 and incorporated herein by this reference. After said correspondence, GMACM ceased communicating with the Plaintiff. GMACM's "History for Account" also shows that GMACM ceased servicing the subject loan as of April 2007, and never had any further contact with the Plaintiff thereafter. A true and correct copy of GMACM's "History for Account" is attached hereto and incorporated herein as Exhibit 3.

Months later, on June 29, 2007, the Plaintiff filed her voluntary Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court, Southern District of California. The Plaintiff's bankruptcy case was assigned case number 07-03493-LA7. During her bankruptcy case, Saxon, *not GMACM*, field a Motion for Relief from Stay ("Saxon's Motion") on or about August 14, 2007. Saxon's Motion received no opposition from the Plaintiff, and the Court entered an order granting Saxon's Motion on or about September 10, 2007.

The Plaintiff received her discharge on or about October 10, 2007, and the Court subsequently ordered the Plaintiff's bankruptcy case closed, and the Chapter 7 Trustee relieved from his duties on or about October 15, 2007. A true and correct copy of the Court's docket from Pacer, as of April 17, 2008, is attached hereto as Exhibit 4 and incorporated herein by this reference.

More than three months after the Plaintiff obtained her discharge, the Plaintiff initiated a Bankruptcy Adversary Proceeding on January 25, 2008, which was assigned Adversary Case No. 08-90031-LA (the "Adversary Proceeding"). The Adversary Proceeding contained nearly identical causes of action and the same defendants. GMACM and Experian filed respective motions to

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

dismiss governed by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Rather than oppose said motions, the Plaintiff noticed the dismissals of the Adversary Proceeding on or about March 13, 2008. The Bankruptcy Court subsequently closed the Adversary Proceeding on or about April 7, 2008.

On or about March 14, 2008 the Plaintiff filed her Complaint with the Court.

## III.

## LEGAL STANDARD

Rule 12(b) of the Federal Rules of Civil Procedure provides, in part, that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.

For purposes of a motion to dismiss brought under Rule 12(b)(6), the Court considers all properly pleaded material allegations of the operative complaint to be true, and construes them in the light most favorable for the plaintiff. Associated General Contractors of America v. Metropolitan Water Dist. of So. Calif., 159 F.3d 1178, 1181 (9th Cir. 1998). More to the point, in determining a Rule 12(b)(6) motion, a court is required to (i) construe the complaint in the light most favorable to plaintiff, (ii) accept all well-pleaded allegations as true, and (iii) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mutual Insurance Co., 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). It is appropriate to dismiss claims for relief under Rule 12(b)(6) in the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1999).

The Complaint contains, at a minimum, allegations that are unsubstantiated by the Plaintiff's very own evidence, ambiguous and uncertain allegations, and allegations that are





WOLFE & WYMAN LLP
Attorneys & Counselors At Law

improperly plead. For the reasons set forth below, each and every cause of action asserted in the Complaint should be dismissed for failure to state a claim against GMACM upon which relief can be granted.

**IV.**

**THE PLAINTIFFS' FIRST AND SECOND CAUSES OF ACTION AGAINST GMACM MUST BE DISMISSED**

The First and Second Causes of Action alleged by the Plaintiff refer to the Fair Credit Reporting Act (15 U.S.C. Section 1681 *et. seq*.). The Plaintiff alleges that GMACM negligently and willfully failed to investigate what was being transmitted to Experian, and that GMACM negligently and willfully failed to direct Experian to delete any information about the Plaintiff. The Plaintiff's allegations are misleading and fail to allege necessary facts which release GMACM from any alleged liability.

The Plaintiff fails to point out that GMACM transferred the servicing rights to the subject loan to Saxon on or about April 2, 2007. See Exhibit 2. After the transfer, GMACM no longer had any interest in the subject loan nor did it make any further reports to any credit agencies about the subject loan after March 2007. See Exhibit 1, Exhibit B of Plaintiff's Complaint. Though the Plaintiff was informed that Saxon was servicing the subject loan beginning in April 2007, and that it filed a Motion for Relief from Stay in her bankruptcy case, the Plaintiff has not named Saxon as a party to this case. GMACM was not responsible for the subject loan or any activities associated with the subject loan since the beginning of April 2007. Accordingly, the Plaintiff's First and Second Causes of Action fail to state a claim upon which relief can be granted and must be dismissed.

**V.**

**THE PLAINTIFFS' THIRD CAUSE OF ACTION AGAINST GMACM MUST BE DISMISSED**

The Plaintiff's Third Cause of Action alleges that GMACM defamed the Plaintiff, which is completely inaccurate and not possible. GMACM's dealings with the Plaintiff ceased at the end of March 2007. See Exhibit 2. Moreover, after March 2007, GMACM had no further contact with

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Experian. See Exhibit 1, Exhibit B of Plaintiff's Complaint. Even though the facts herein demonstrate that GMACM had no contact whatsoever with the Plaintiff beginning in April 2007, the Plaintiff falsely alleges that GMACM defamed her. The Plaintiff's Third Cause of Action fails to inform the Court of the necessary facts surrounding her dealings with GMACM, and most importantly, the cessation of GMACM's dealings with her. Due to the fact that the Plaintiff's allegations are meritless, her Third Cause of Action must be dismissed.

## VI.

## THE PLAINTIFFS' FOURTH CAUSE OF ACTION AGAINST GMACM MUST BE DISMISSED

The Plaintiff seeks Declaratory Relief via her Fourth Cause of Action. For a plaintiff to obtain Declaratory Relief, an actual controversy must exist. As proved herein, GMACM stopped servicing the subject loan pre-petition, stopped making any contact with Experian pre-petition, and informed the Plaintiff that Saxon would be servicing the subject loan beginning in April 2007. Contrary to the Plaintiff's allegations, GMACM has not continued to make credit reports to Experian. The Plaintiff's allegations are baseless and do not state a viable claim against GMACM. Based thereon, the Plaintiff's Fourth Amended Complaint should be dismissed.

## VII.

## PLAINTIFF SHOULD BE SANCTIONED BY THIS COURT AND GMAMCM SHOULD BE ENTITLED TO ITS ATTORNEY'S FEES AND COSTS FOR DEFENDING ITSELF AS THE PLAINTIFF'S COMPLAINT IS FRIVOLOUS AND WITHOUT ANY MERIT

Plaintiff filed a complaint wrought with allegations that are unsubstantiated by her very own evidence, ambiguous and uncertain, and are plead without the proper presentation of facts and evidence to support said allegations. The Plaintiff cannot state any claim against GMACM as its relationship with the Plaintiff ended in March 2007.

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 44 L. Ed. 2d 141, 95 S. Ct. 1612 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 90 L. Ed.1447, 66 S. Ct. 1176 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." Chambers v. Nasco, 501 U.S. 32, 46, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991) (*quoting* Universal Oil, 328 U.S. at 580).

The Plaintiff has made accusations against GMACM which are baseless and which her own evidence contradicts. Plaintiff's arguments are entirely without merit, and the frivolous nature of the Complaint is sanctionable by the Court. Accordingly, GMACM should be awarded its attorney's fees and costs incurred to defend itself from Plaintiff's groundless allegations.

**VIII.**

**CONCLUSION**

Wherefore, GMACM respectfully requests that the Court dismiss each of the four causes of action set forth in the Complaint for failure to state a claim against GMACM upon which relief can be granted, impose sanctions against the Plaintiff, and require the Plaintiff to pay GMACM for its attorney's fees and costs to defend itself.

DATED: April 17, 2008

WOLFE & WYMAN LLP

By: [signature]
STUART B. WOLFE
YARON SHAHAM
Attorneys for Defendant
**GMAC MORTGAGE, LLC**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

**DECLARATION OF YARON SHAHAM**

I, Yaron Shaham, hereby declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and this Court. I am an associate attorney with Wolfe & Wyman LLP, which is counsel of record to Defendant GMAC Mortgage, LLC in this case. I have personal knowledge, information, and/or belief of the facts set forth below, and, if called as a witness, could and would competently testify thereto under oath. I make this declaration in support of the attached Memorandum of Points and Authorities.

2. A true and correct copy of the Plaintiff's Complaint is attached hereto as Exhibit 1 and incorporated herein by this reference.

3. A true and correct copy of GMACM's March 16, 2007 correspondence to the Plaintiff is attached hereto as Exhibit 2 and incorporated herein by this reference.

4. A true and correct copy of GMACM's "History for Account" is attached hereto and incorporated herein as Exhibit 3.

5. A true and correct copy of the Court's docket from Pacer, as of April 17, 2008, is attached hereto as Exhibit 4 and incorporated herein by this reference.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED THIS 17th DAY OF APRIL, 2008 AT IRVINE, CALIFORNIA.

Yaron Shaham

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW