MICHAEL G. DOAN, SBN 175740
DOAN LAW FIRM, LLP
2850 PIO PICO DRIVE, SUITE D
CARLSBAD, CALIFORNIA 92008
(760) 450-3333 TELEPHONE
mike@doanlaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JEAN CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE GROUP INC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.., and Does 1 through 10 Inclusive,<br><br>Defendants. | **CASE NO.:** 07-03443-LA7<br><br>ADVERSARY NO.:<br><br>**VIOLATIONS UNDER 11 USC 524 DISCHARGE INJUNCTION AND THE FAIR CREDIT REPORTING ACT (FCRA) [15 USC 1681 et seq] and DEFAMATION**<br><br>**DEMAND:** **$10,000, Attorney Fees and Costs, Punitive Damages, Declaratory and Injunctive Relief**<br><br>**JURY TRIAL DEMANDED** |

The Plaintiff PAMELA JEAN CRUZ, (hereafter "CRUZ") by attorneys Doan Law Firm, LLP, as and for the complaint against the defendants GMAC MORTGAGE GROUP INC (hereafter "GMAC"), EXPERIAN INFORMATION SOLUTIONS, INC., (hereafter "Experian"), EQUIFAX, INC. (hereafter "Equifax") TRANSUNION CORP, (hereafter "TransUnion") and TRIADVANTAGE CREDIT SERVICES, INC. (hereafter "TRIADvantage") alleges as follows, upon information and belief:

I.

## PRELIMINARY STATEMENT

1. This is an action for Civil Contempt Remedies pursuant to 11 USC 524 and 11 USC 105 of the Bankruptcy Code and for actual, statutory and punitive damages and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA")(15 USC § 1681 et seq.)

2. In addition, CRUZ seeks actual and punitive damages on her common law pendant state claims for defamation, and a declaration from the court that no personal liability exists on the account, and an injunction barring GMAC from continuing to report the account without Bankruptcy Notation.

3. GMAC violated the FCRA by failing to conduct a proper investigation of CRUZ'S disputes filed with the credit reporting agency defendants. Those disputes claimed that the CRUZ was not liable for the account as a result of a Bankruptcy Discharge. GMAC failed to review all relevant information purportedly provided to it by such credit reporting agency defendants and it failed to direct such consumer reporting agencies to update inaccurate information about CRUZ from the files maintained by them.

4. In addition, GMAC willfully and maliciously defamed CRUZ by repeatedly reporting false information about CRUZ to various third parties which it knew, or reasonably should have known, was false. As a result of such actions and conduct, CRUZ suffered damage, which recovery is permitted in this action and CRUZ is also entitled to an award of punitive damages.

5. The credit reporting agency defendant, Experian violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports purportedly concerning CRUZ. Experian also violated the FCRA by repeatedly issuing credit reports to various third-parties, purportedly pertaining to CRUZ, which contained an erroneous tradeline entry which failed to disclose the balance as $0.00 and discharged in Bankruptcy, despite having received actual notice of the same.

6. Experian repeatedly violated their obligation under the FCRA properly investigate

disputed items in CRUZ'S credit file maintained by them.

7. Experian defamed CRUZ and violated CRUZ'S privacy by repeatedly publishing to third-parties information purportedly about CRUZ which was false and which caused CRUZ to suffer injury.

8. Experian provided CRUZ'S credit report, containing erroneous information, to third-parties, who then used such reports to make creditworthiness determinations about CRUZ and, as a result, CRUZ'S credit score was adversely affected and current credit standing was adversely affected.

9. Experian willfully violated various provisions of the FCRA, as set forth herein, and CRUZ is thereby entitled to an award of punitive damages pursuant to the FCRA.

10. Experan also willfully and maliciously defamed CRUZ by repeatedly reporting information about CRUZ to various third parties which they knew, or reasonably should have known, was false. As a result of such actions and conduct CRUZ suffered damage and is also entitled to an award of punitive damages.

11. The forgoing actions also amount to a Conspiracy wherein GMAC and Experian have acted in concert to collect on a discharged debt in violation of the Discharge Injunction of 11 USC 524. Such conspiracy between Experian to GMAC allows GMAC to collect on discharged debt and therein allows concessions to take place from GMAC in return to Experian. Such concessions to not exist between GMAC and TransUnion or Equifax, and thus why proper reporting exists with those agencies.

12. CRUZ further alleges that as a direct and proximate result of the each of the defendants' actions, conduct and omissions she suffered actual damage including, but not limited to, damage to existing credit accounts, damage to reputation, emotional distress, annoyance, aggravation, frustration, and legal fees to secure the defendants' compliance with the FCRA.

## II.

## JURISDICTION AND VENUE

13. Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC 1334 in that this proceeding arises from and is related to the above captioned underlying bankruptcy case under Title 11.

14. This Court has subject matter jurisdiction to hear this case pursuant to 28 USC 1334 and 28 USC 157(b)(1), (2)(O), respectively.

15. This matter is primarily a core proceeding under 28 U.S.C. 157 and therefore the Bankruptcy Court has jurisdiction to enter a final order. It is a core proceeding because CRUZ is asserting rights in this action that are created by 11 USC 105 and 11 USC 524 of the Bankruptcy Code, which could only arise in bankruptcy.

16. Venue lies in this District pursuant to 28 USC 1391(b).

17. This adversary is proper in that it seeks injunctive, equitable, declaratory, and monetary relief per FRBP 7001(1), FRBP 7001(7), and FRBP 7001(9).

18. Relief for violations of 11 USC 524 may be brought in Adversary Proceedings, pursuant to In re Wagner, 87 B.R. 612, 1988 Bankr. LEXIS 922 (Bankr. C.D. Cal. 1988), In re Beck 272 B.R. 112, 130 n.25 (Bankr. E.D. Pa 2002).

19. Jurisdiction of this Court also arises under 28 USC 1331 and pursuant to 15 USC 1681(p).

20. The claims herein arise from a common nucleus of operative facts, and are best dealt with in one Court in the interests of judicial economy, fairness, convenience, and efficient resolution. Accordingly this Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein.

21. Venue in this District is proper in that the Defendants transact business San Diego County and the conduct complained of occurred here and is properly laid pursuant to 28 U.S.C. § 1391(b).

III.

PARTIES

22. Plaintiff PAMELA JEAN CRUZ ("CRUZ") is a natural person residing in San Diego County, California and is a Debtor under Title 11, of the United States Code.

23. CRUZ is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

24. DEFENDANT, GMAC, is a "creditor" as that term is defined by 11 USC 101(10), listed in the Bankruptcy Schedules, and has asserted and appeared in the bankruptcy as evidenced through their proof of claim filed 12/3/7.

25. GMAC is a "debt collector" as that term is defined by California Civil Code §1788.2(c) and is a "person" as that term is defined by California Civil Code § 1788.2 (g).

26. GMAC is a "creditor" as that term is defined by California Civil Code §1785.26(a)(1).

27. GMAC is a Michigan corporation duly authorized and qualified to do business in the State of California.

28. GMAC is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 et seq.].

29. Experian is an Ohio corporation, duly authorized and qualified to do business in the State of California.

30. Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

31. GMAC, Experian, and DOES are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named GMAC to commit the acts and do the things complained of which caused the injuries and damages to CRUZ as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the CRUZ. When the true names of the DOES are ascertained they will be substituted in.

## IV.

## FACTS

1) FACTS PERTAINING TO GMAC

32. CRUZ incurred a debt with GMAC sometime prior to filing for bankruptcy protection.

33. The underlying debt to GMAC was discharged by the bankruptcy on October 10, 2007.

34. CRUZ never reaffirmed the account with GMAC.

35. GMAC never had the debt deemed non-dischargeable under 11 USC 523 of the Bankruptcy Code.

36. GMAC was notified of both the commencement and discharge by two separate notices from the Bankruptcy Noticing Center out of Herndon, Virginia.

37. On or about October 15, 2007, an FCRA dispute letter with copies of Bankruptcy Commencement and Discharge disputing the account was sent by certified mail to the three credit reporting agencies of Equifax, TransUnion, and Experian as evidenced by Exhibit "A" incorporated herein by reference.

38. Equifax, TransUnion, and Experian acknowledged receipt of the dispute letters as evidenced by signing for completion of delivery.

39. The dispute letter requested, inter alia, that it conduct an investigation of, and update all inaccuracies regarding the account to properly reflect the following:

1) *"Current Balance" of "$0.00"*
2) *"Account Status" of "$0.00 balance/closed account,"*
3) *"Amount Past Due" of "$0.00,"*
4) *"FCRA Compliance/Delinquency Date" as of date of discharge, and*
5) *"Payment History Profile" must no longer reflect payment history and default.*

40. Equifax, TransUnion, and Experian each advised GMAC of CRUZ'S dispute.

41. GMAC failed to conduct a reasonable investigation of the dispute and it continued to report to Equifax, TransUnion, and Experian that CRUZ remained legally obligated on the account for the balance due.

42. To date, GMAC refuses to update the account with the forgoing Bankruptcy Information.

43. From the date of the bankruptcy filing on 6/29/07 to present, GMAC continues to contact CRUZ with billing statements and phone calls to collect on the discharged debt.

2) **FACTS PERTAINING TO EXPERIAN**

44. On October 15, 2007, CRUZ wrote to Experian with reference to the account improperly being reported in the credit report, via certified mail.

45. EXPERIAN acknowledged the certified mail and dispute letter by signing for the same on October 23, 2007.

46. EXPERIAN became aware of the Bankruptcy Commencement and Discharge within one week of each event.

47. In the dispute letter, CRUZ identified the account and requested that Experian update the account as follows:

*1) "Current Balance" of "$0.00"*

*2) "Account Status" of "$0.00 balance/closed account,"*

*3) "Amount Past Due" of "$0.00,"*

*4) "FCRA Compliance/Delinquency Date" as of date of discharge, and*

*5) "Payment History Profile" must no longer reflect payment history and default.*

48. To further assist Experian's investigation, CRUZ provided with the dispute letter, copies of the bankruptcy discharge and list of all creditors subject to said discharge.

49. On or about November 3, 2007, Experian advised CRUZ that it had investigated the dispute and that it had verified the accuracy of the account, as evidenced by Exhibit "B" incorporated herein by reference.

50. Experian has failed and refused, and continues its failure and refusal, to conduct a proper and reasonable investigation of the dispute and update the account the account with Bankruptcy information.

51. Experian has repeatedly published and disseminated such inaccurate information regarding the erroneous account in credit reports prepared about CRUZ which it has provided, and continues to provide, to third parties.

52. Experian's acts are willfully done in conspiracy with GMAC to enable GMAC to collect on a disharged debt.

53. Experian receives concessions in return from GMAC for maintaining the improper credit reporting.

54. As a result, CRUZ has suffered, and will continue to suffer damage.

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: GMAC

### VIOLATION OF 11 U.S.C. § 524 DISCHARGE INUUNCTION

55. CRUZ repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

56. Bankruptcy Code Section 524(a)2 "operates as an injunction against the commencement or continuation of an action, employment of a process, or an act, to collect, or recover, or offset any such debt as a personal liability of the debtor...."

57. Pursuant to Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, (9th Cir. Cal. 2002), Section 362(a) Imposes an Affirmative Duty to Discontinue Collection Actions.

58. Pursuant to In re Perviz (2003, BC ND Ohio) 302 BR 357, § 11 USC 524(a)(2) simply makes permanent what had previously been temporary under § 362(a)(6).

59. 11 USC 524 imposes an Affirmative Duty to Discontinue Collection Actions.

60. While CRUZ' Bankruptcy Case was pending, GMAC allowed her pre-petition reporting to remain in an attempt to coerce payment of $90,803.00 from CRUZ in violation of the automatic stay provisions of 11 USC 362.

61. After discharge, GMAC has continued to upload false information on CRUZ' credit report.

62. GMAC purposely and intentionally uploads a "monthly trap," an "employment of a process" to intentionally and purposely leave false and untruthful information regarding

CRUZ on her credit reports in a direct and intentional effort to collect, harass, induce, pressure, and coerce CRUZ into paying her discharged debt to clean up her credit report in direct violation of 11 USC 524.

63. GMAC is directly attempting to collect discharged debt in exchange for an increase in CRUZ' credit score.

64. GMAC refuses to cease the monthly false reporting, despite the plethora of requests made by CRUZ discussed above.

65. GMAC works in conspiracy with EXPERIAN to make sure the improper credit reporting remains.

66. GMAC will only stop the false reporting if CRUZ pays GMAC the $90,803.00.

67. GMAC is continues to directly attempt to collect on the discharged debt thru phone calls and collection letters.

68. GMAC believes that the false reporting in conjunction with collection letters and phone calls will result in collection of the discharged debt.

69. GMAC intentionally, deliberately, and willfully violated 11 USC 524 and refuses to cease violations of 11 USC 524 by its employment of a false credit reporting process, collection calls, and collection letters, to coerce payment of a discharged debt in the amount of $90,803.00.

70. CRUZ is entitled to Civil Compensatory Contempt Damages in the form of sanctions pursuant to 11 USC 524 and 11 USC 105 sufficient to compensate her for actual damages, attorney fees, costs, and other relief this court deems just and proper.

## SECOND CAUSE OF ACTION: GMAC
## VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

71. CRUZ repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

72. After being informed by the credit reporting agencies that the CRUZ disputed the accuracy of the information it was providing, GMAC negligently failed to conduct a

proper investigation of the disputed account information with the three national consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

73. GMAC negligently failed to review all relevant information purportedly provided by such credit reporting agencies to GMAC in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

74. GMAC negligently failed to direct such consumer reporting agencies to delete and/or update the inaccurate information about the CRUZ pertaining to the Account, as required by 15 U.S.C. § 1681s-2(b)(c)..

75. CRUZ has a private right of action to assert claims against GMAC arising under 15 U.S.C. § 1681s-2(b).

76. GMAC is liable to the CRUZ for the actual damages sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with reasonable attorney's fees, and may recover therefore pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION: GMAC
## VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

77. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

78. After being informed by the credit reporting agencies that CRUZ disputed the accuracy of the information it was providing, GMAC willfully failed to conduct a proper investigation of the CRUZ's dispute, and willfully failed to update to the three national consumer reporting agencies the bankruptcy status of the account, as required by 15 U.S.C. § 1681s-2(b)(A).

79. GMAC willfully failed to review all relevant information purportedly provided by such credit reporting agencies to GMAC in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

80. GMAC willfully failed to direct such consumer reporting agencies to delete inaccurate information about CRUZ pertaining to the Account as required by 15 U.S.C. §

1681s-2(b)(c).

81. CRUZ has a private right of action to assert claims against GMAC arising under 15 U.S.C. § 1681s-2(b).

82. GMAC is liable to the CRUZ for the actual damages sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as reasonable attorney's fees, and may recover therefore pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION: GMAC

## DEFAMATION

83. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

84. GMAC maliciously defamed the CRUZ by its knowing publication to third-parties of erroneous and false information concerning the account.

85. GMAC had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

86. GMAC'S actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure the CRUZ.

87. As a direct and proximate result of such conduct, the CRUZ suffered actual damages as set forth herein.

88. GMAC is liable to the CRUZ for the actual damages he has sustained by reason of such conduct.

89. The CRUZ is entitled to an award of punitive damages from GMAC in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

## FIFTH CAUSE OF ACTION: GMAC

## DECLARATORY RELIEF

90. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

91. GMAC has reported the failure to pay the account to the three national credit reporting agencies.

92. CRUZ is entitled to a declaration by the Court, pursuant to 28 USC § 2201 that there is no liability to GMAC on the account.

93. GMAC'S continued reporting of the account to the three national credit bureaus has caused CRUZ to suffer harm. Such harm will continue unless and until GMAC is enjoined from continuing to report to third-parties that CRUZ is liable for payment on the account.

94. CRUZ is entitled to an injunction directing GMAC to correct its records so as to update the account with Bankruptcy Information and to refrain from advising any third parties that CRUZ is liable for payment on the account.

## FIRST CAUSE OF ACTION: EXPERIAN

## VIOLATION OF 11 U.S.C. § 524 DISCHARGE INJUNCTION

95. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

96. While CRUZ' Bankruptcy Case was pending, EXPERIAN allowed her pre-petition reporting to remain in in conspiracy with GMAC to allow GMAC to coerce payment of $90,803.00 from CRUZ in violation of the automatic stay provisions of 11 USC 362.

97. After discharge, EXPERIAN has conspired to allow GMAC to upload false information on CRUZ' credit report in return for concessions.

98. EXPERIAN'S conspiracy with GMAC allows GMAC to purposely and intentionally upload a "monthly trap," an "employment of a process" to intentionally and purposely leave false and untruthful information regarding CRUZ on her credit reports in a direct

and intentional effort to collect, harass, induce, pressure, and coerce CRUZ into paying her discharged debt to clean up her credit report in direct violation of 11 USC 524.

99. EXPERIAN is acting in conspiracy with GMAC to directly allow GMAC to collect discharged debt in exchange for an increase in CRUZ' credit score.

100. EXPERIAN refuses to correct the monthly false reporting, despite the plethora of requests made by CRUZ discussed above.

101. EXPERIAN works in conspiracy with GMAC to make sure the improper credit reporting remains.

102. EXPERIAN intentionally, deliberately, and willfully violated 11 USC 524 and refuses to cease violations of 11 USC 524 by its employment of a false credit reporting process, collection calls, and collection letters, to conspire with GMAC to coerce payment of a discharged debt in the amount of $90,803.00, and in return will receive concessions.

103. CRUZ is entitled to Civil Compensatory Contempt Damages in the form of sanctions pursuant to 11 USC 524 and 11 USC 105 sufficient to compensate her for actual damages, attorney fees, costs, and other relief this court deems just and proper.

## SECOND CAUSE OF ACTION: EXPERIAN
## VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

104. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

105. Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding CRUZ, as that term is defined in 15 U.S.C. § 1681a(d).

106. Such reports contained information about the account that was false, misleading and inaccurate.

107. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to CRUZ, in violation of 15 U.S.C. §1681e(b).

108. As a direct and proximate result of such conduct, CRUZ suffered actual damage as set forth herein.

109. Experian is liable to CRUZ for the actual damages sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as reasonable attorney's fees, and may recover therefore pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION: EXPERIAN
## VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

110. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

111. Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding CRUZ, as that term is defined in 15 U.S.C. § 1681a(d).

112. Such reports contained information about the account that was false, misleading and inaccurate.

113. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to CRUZ or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

114. As a direct and proximate result of such conduct, CRUZ suffered actual damages as set forth herein.

115. Experian is liable to CRUZ for the actual damages sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as reasonable attorney's fees, and may recover therefore pursuant to 15 U.S.C. § 1681n.

FOURTH CAUSE OF ACTION: EXPERIAN

VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

116. CRUZ repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

117. Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in CRUZ'S consumer reports as contained in its files pertaining to CRUZ or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

118. As a direct and proximate result of such conduct, CRUZ suffered actual damages as set forth herein.

119. Experian is liable to CRUZ for the actual damages sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as reasonable attorney's fees, and may recover therefore pursuant to 15 U.S.C. § 1681o.

FIFTH CAUSE OF ACTION: EXPERIAN

VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

120. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

121. Experian willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in CRUZ'S consumer reports as contained in its files pertaining to CRUZ or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i.

122. As a direct and proximate result of such conduct, CRUZ suffered actual damages as set forth herein.

123. Experian is liable to CRUZ for the actual damages sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as reasonable attorney's fees, and may recover therefore pursuant to 15 U.S.C. § 1681n.

SIXTH CAUSE OF ACTION: EXPERIAN

VIOLATION OF 15 U.S.C. § 1681 OF THE FCRA

124. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

125. Experian maliciously defamed CRUZ by its knowing publication to third-parties reports containing the account, and the fact that it was not discharged in bankruptcy, with a balance remaining, and enforceable personally against CRUZ.

126. Experian had actual knowledge of the false, inaccurate and misleading nature of such information and published it despite having such knowledge.

127. Experian's actual knowledge of the falsity and reckless disregard for the truth demonstrates its malice and/or willful intent to injure CRUZ.

128. As a direct and proximate result of such conduct, CRUZ suffered actual damages as set forth herein.

129. Experian is liable to CRUZ for the actual damages sustained by reason of such conduct.

130. CRUZ is entitled to an award of punitive damages from Experian in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to other to prevent the occurrence of such egregious conduct in the future.

VI.

PRAYERS FOR RELIEF

WHEREFORE, CRUZ demands judgment against GMAC and Experian on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN THAT ARE TRIABLE BY JURY.**

Dated: January 25, 2008

Respectfully submitted,

DOAN LAW FIRM, LLP

By:

MICHAEL G. DOAN, Attorney for CRUZ

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions
Attn: Supervisor, Legal Dept.
701 Experian Parkway
P.O. Box 1240
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X EXPERIAN 701 EXPERIAN PARK ☐ Agent ☒ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

[signature]

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7007 0220 0000 5916 9936

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Pamela J Cruz
1017 Avenida Sevilla
Oceanside, Ca 92056

DOAN, LEVINSON & LILJEGREN, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
dllfirm.com

October 15, 2007

Experian Information Solutions
Attn: Supervisor, Legal Department
701 Experian Parkway
PO Box 1240
Allen, Texas 75013

Re: Pamela Jean Cruz
Bankruptcy Chapter 7
Bankruptcy File Date: June 29, 2007
Bankruptcy Case No: 07-03493
Social Security No: xxx-xx-0877

Dear Sir or Madam:

As you may be aware, this office represents the above debtor(s) with respect to a Chapter 7 Bankruptcy Case wherein discharge was entered. Enclosed you will find our Firm and Attorney of Record designated under the Debtor(s)' name on the Certificate of Service.

The enclosed copy of the Order of Discharge as well as the Certificate of Service now provide evidence of all such creditors whose debts were discharged on October 10, 2007. Please update the subject credit file(s) to reflect the discharged status on all accounts reported to you. Pursuant to the Fair Credit Reporting Act and the Regulations, FTC Commentary, CDIA Guidelines, METRO2, Fair Credit Reporting Act, California Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Discharge Injunction of 11 USC 524, you must now report the following on all affected accounts:

1) **"Current Balance" of "$0.00"**
2) **"Account Status" of "$0.00 balance/closed account,"**
3) **"Amount Past Due" of "$0.00,"**
4) **"FCRA Compliance/Delinquency Date" as** October 10, 2007**(date of discharge), and**
5) **"Payment History Profile" must no longer reflect payment history and default.**

To the extent that any of the discharged debts are reporting anything other than as disclosed above, please consider this letter as a Dispute under the Fair Credit Reporting Act and a request that you immediately activate the Automated Dispute Resolution System Program with respect to this written notice.

In order to facilitate such investigations on the disputed items, you are also requested to forward this letter, and the enclosures, to each of the creditors listed above. If for any reason you decline to send a copy of this letter and the enclosures to any of the creditors, please advise immediately.

Thank you for your assistance with this matter.

Sincerely,

Jeffrey Larkin, Attorney at Law
Attorney for Debtor(s)

enclosures: Discharge Order and Certificate of Service

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union
Attn: Dispute Resolution Dept.
PO Box 2000
Chester, PA 19022

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 2 2 2007

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7007 0220 0000 5916 9950

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Pamela J. Cruz
1829 Avenida Sevilla
Oceanside, Ca 92056

DOAN, LEVINSON & LILJEGREN, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
dllfirm.com

October 15, 2007

TransUnion
Attn: Dispute Resolution Department
PO Box 2000
Chester, PA 19022

Re: Pamela Jean Cruz
Bankruptcy Chapter 7
Bankruptcy File Date: June 29, 2007
Bankruptcy Case No: 07-03493
Social Security No: xxx-xx-0877

Dear Sir or Madam:

As you may be aware, this office represents the above debtor(s) with respect to a Chapter 7 Bankruptcy Case wherein discharge was entered. Enclosed you will find our Firm and Attorney of Record designated under the Debtor(s)' name on the Certificate of Service.

The enclosed copy of the Order of Discharge as well as the Certificate of Service now provide evidence of all such creditors whose debts were discharged on October 10, 2007. Please update the subject credit file(s) to reflect the discharged status on all accounts reported to you. Pursuant to the Fair Credit Reporting Act and the Regulations, FTC Commentary, CDIA Guidelines, METRO2, Fair Credit Reporting Act, California Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Discharge Injunction of 11 USC 524, you must now report the following on all affected accounts:

1) **"Current Balance" of "$0.00"**
2) **"Account Status" of "$0.00 balance/closed account,"**
3) **"Amount Past Due" of "$0.00,"**
4) **"FCRA Compliance/Delinquency Date" as** <u>**October 10, 2007**</u>**(date of discharge), and**
5) **"Payment History Profile" must no longer reflect payment history and default.**

To the extent that any of the discharged debts are reporting anything other than as disclosed above, please consider this letter as a Dispute under the Fair Credit Reporting Act and a request that you immediately activate the Automated Dispute Resolution System Program with respect to this written notice.

In order to facilitate such investigations on the disputed items, you are also requested to forward this letter, and the enclosures, to each of the creditors listed above. If for any reason you decline to send a copy of this letter and the enclosures to any of the creditors, please advise immediately.

Thank you for your assistance with this matter.

Sincerely,

Jeffrey Larkin, Attorney at Law
Attorney for Debtor(s)

enclosures: Discharge Order and Certificate of Service

**NDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Equifax Information Service Center
The Dispute Resolution Depart
P Box 105873
Atlanta, Ga 30348

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) OCT 2 4 2007

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

Article Number
*(Transfer from service label)* 7007 0220 0000 5936 9943

Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Pamela J. Cruz
1829 Avenida Sevilla
Oceanside, Ca 92056

DOAN, LEVINSON & LILJEGREN, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, California 92008
Phone (760) 450-3333 • Fax (760) 720-6082
dllfirm.com

October 15, 2007

Equifax Information Service Center
Attn: Dispute Resolution Department
PO Box 105873
Atlanta, GA 30348

Re: Pamela Jean Cruz
Bankruptcy Chapter 7
Bankruptcy File Date: June 29, 2007
Bankruptcy Case No: 07-03493
Social Security No: xxx-xx-0877

Dear Sir or Madam:

As you may be aware, this office represents the above debtor(s) with respect to a Chapter 7 Bankruptcy Case wherein discharge was entered. Enclosed you will find our Firm and Attorney of Record designated under the Debtor(s)' name on the Certificate of Service.

The enclosed copy of the Order of Discharge as well as the Certificate of Service now provide evidence of all such creditors whose debts were discharged on October 10, 2007. Please update the subject credit file(s) to reflect the discharged status on all accounts reported to you. Pursuant to the Fair Credit Reporting Act and the Regulations, FTC Commentary, CDIA Guidelines, METRO2, Fair Credit Reporting Act, California Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Discharge Injunction of 11 USC 524, you must now report the following on all affected accounts:

1) **"Current Balance" of "$0.00"**
2) **"Account Status" of "$0.00 balance/closed account,"**
3) **"Amount Past Due" of "$0.00,"**
4) **"FCRA Compliance/Delinquency Date" as October 10, 2007(date of discharge), and**
5) **"Payment History Profile" must no longer reflect payment history and default.**

To the extent that any of the discharged debts are reporting anything other than as disclosed above, please consider this letter as a Dispute under the Fair Credit Reporting Act and a request that you immediately activate the Automated Dispute Resolution System Program with respect to this written notice.

In order to facilitate such investigations on the disputed items, you are also requested to forward this letter, and the enclosures, to each of the creditors listed above. If for any reason you decline to send a copy of this letter and the enclosures to any of the creditors, please advise immediately.

Thank you for your assistance with this matter.

Sincerely,

Jeffrey Zarkin, Attorney at Law
Attorney for Debtor(s)

enclosures: Discharge Order and Certificate of Service

B18
Rev. 10/05

United States Bankruptcy Court
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101–6991

Telephone: 619–557–5620
Website: www.casb.uscourts.gov
Hours: 9:00am–4:00pm Monday–Friday

In re: *Debtor name(s) used by the debtor in the last 8 years, including married, maiden, trade, and address.*

**Pamela Jean Cruz**
1829 Avenida Sevilla
Oceanside, CA 92056
xxx–xx–0877
*Debtor Aliases:* Pamela Gervasoni;Pamela Cruz

Case number: 07–03493–LA7
Chapter: 7
Judge Louise DeCarl Adler

**Discharge of Debtor**

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under §727 of title 11, United States Code, (the Bankruptcy Code).

Dated: 10/10/07

By order of the court:

Barry K. Lander
Clerk of the Bankruptcy Court

SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION

FORM B18 continued

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

Debts that are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (applies to cases filed on or after 10/17/2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans. (applies to cases filed on or after 10/17/2005)

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

BAE SYSTEMS
Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0974-3 User: admin Page 1 of 1 Date Rcvd: Oct 10, 2007
Case: 07-03493 Form ID: b18 Total Served: 29

The following entities were served by first class mail on Oct 12, 2007.

db +Pamela Jean Cruz, 1529 Avenida Sevilla, Oceanside, CA 92056-6213
aty +Jeffrey D. Larkin, Doan, Levinson & Liljegren, LLP, 2850 Pio Pico Dr., Suite D, Carlsbad, CA 92008-1555
aty +Michael G. Doan, Doan, Levinson & Liljegren, LLP, Doan, Law and Professional Terrace, 2850 Pio Pico Drive, Ste D, Carlsbad, CA 92008-1555
tr +Nancy Wolf, P.O. Box 420448, San Diego, CA 92142-0448
smg +Div. of Labor Standards Enforcement, 7575 Metropolitan Drive, Suite 210, San Diego, CA 92108-4424
smg +Dun & Bradstreet, Attn: Public Records, Maryanne Bachert, 899 Eaton Ave., Bethlehem, PA 18025-0025
smg +Employment Develop. Dept., State of CA, Bankruptcy Unit - MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001
smg +State Board of Equalization, P.O. Box 942879, Sacramento, CA 94279-0001
9134668 +American Medical Response, PO Box 50000, San Francisco, CA 94160-0001
9134670 +Chase Home Loans, P.O. Box 78116, Phoenix, AZ 85062-8116
9134672 +Cost Plus World MA/GEMB, PO Box 981439, El Paso, TX 79998-1439
9134673 +GMAC Mortgage, 3451 Hammond Avenue, P.O. Box 780, Waterloo, IA 50704-0780
9184112 +HOUSEHOLD BANK (SB), N.A., Bass & Associates, P.C., 3936 E. Ft. Lowell Rd., Suite 200, Tucson, AZ 85712-1083
9134674 +HSBC Best Buy, PO Box 15521, Wilmington, DE 19850-5521
9134676 +Placer County Assessor, PO Box 7790, Auburn, CA 95604-7790
9134677 Sutter Connect, PO Box 255448, Napavine, WA 98565
9134678 +The City of Lincoln, 640 5th Street, Lincoln, CA 95648-1878
9134679 +The home depot/CBSD, P.O. Box 6003, Hagerstown, MD 21747-6003
9134681 +Tri City Medical Center, File 53706, Los Angeles, CA 90074-0001
9134683 +USAA Federal Savings Bank, PO Box 660986, Sacramento, CA 95866-0986
9134684 +Wells Fargo Bank, P.O. Box 5445, Portland, OR 97228-5445

The following entities were served by electronic transmission on Oct 11, 2007.

smg EDI: CALTAX.COM Oct 11 2007 04:50:00 Franchise Tax Board, Attn: Bankruptcy, P.O. Box 2952, Sacramento, CA 95812-2952
smg E-mail/PDF: ustp.region15@usdoj.gov Oct 11 2007 08:00:21 Office of the U.S. Trustee, 402 West Broadway, Ste. 600, San Diego, CA 92101-8511
ust +E-mail/PDF: ustp.region15@usdoj.gov Oct 11 2007 08:00:21 United States Trustee, Office of the U.S. Trustee, 402 West Broadway, Suite 600, San Diego, CA 92101-8511
9134669 +EDI: BANKAMER.COM Oct 11 2007 04:50:00 Bank of America, 1000 Samoset, Wilmington, DE 19884-2211
9134671 +EDI: CHASE.COM Oct 11 2007 04:50:00 Chase/Circuit City, 225 Chastain Meadows CT NW, Kennesaw, GA 30144-5841
9134674 +EDI: HFC.COM Oct 11 2007 04:50:00 HSBC Best Buy, PO Box 15521, Wilmington, DE 19850-5521
9134675 +EDI: CBSKOHLS.COM Oct 11 2007 04:50:00 Kohls/Chase, N56W17000 Ridgewood, Menomonee Falls, WI 53051-5660
9134680 +EDI: WTRRNBANK.COM Oct 11 2007 04:50:00 TNB-Target, PO Box 673, Mailstop 6CA, Minneapolis, MN 55440-0673
9134682 +EDI: USAA.COM Oct 11 2007 04:50:00 USAA Credit Card Services, 10750 Mcdermott Fwy, San Antonio, TX 78288-1600
9134684 +EDI: WFFC.COM Oct 11 2007 04:50:00 Wells Fargo Bank, P.O. Box 5445, Portland, OR 97228-5445

TOTAL: 10

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
ust UST

TOTALS: 1, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 12, 2007 Signature: Joseph Speetjens

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/05) Case Number 07-03493-LA7

# UNITED STATES BANKRUPTCY COURT
Southern District of California

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 6/29/07.

You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Pamela Jean Cruz
aka Pamela Gervasoni, aka Pamela Cruz
1829 Avenida Sevilla
Oceanside, CA 92056

| Case Number: 07-03493-LA7 | Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx-xx-0877 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Jeffrey D. Larkin<br>Doan, Levinson & Liljegren, LLP<br>2850 Pio Pico Dr., Suite D<br>Carlsbad, CA 92008<br>Telephone number: 760-450-3333 | Bankruptcy Trustee (name and address):<br>Nancy Wolf<br>P.O. Box 420448<br>San Diego, CA 92142<br>Telephone number: (619) 239-9653 |

## Meeting of Creditors

Date: August 9, 2007 Time: 08:30 AM

Location: Office of the U.S. Trustee, 402 W. Broadway (use C St. entrance), Suite 630, San Diego, CA 92101

## Presumption of Abuse under 11 U.S.C. § 707(b)

*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 10/9/07**

## Deadline to Object to Exemptions:

Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Foreign Creditors

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| Jacob Weinberger U.S. Courthouse<br>325 West F Street<br>San Diego, CA 92101-6991<br>Telephone number: 619-557-5620<br>Website: www.casb.uscourts.gov | Clerk of the Bankruptcy Court:<br>Barry K. Lander |
| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: 7/2/07 |

## EXPLANATIONS

FORM B9A (12/05)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

— Refer to Other Side for Important Deadlines and Notices —

United States Bankruptcy Court
Southern District of California

Case Number
07-03493-LA7

## NOTICE OF APPOINTMENT OF INTERIM TRUSTEE

An order for relief having been entered in the above-referenced case on 6/29/07, the following person is named Interim Trustee of the estate of the debtor:

Nancy Wolf
P.O. Box 420448
San Diego, CA 92142

## TRUSTEE REQUIREMENTS

The Trustee requires that Debtor(s) show a government (picture) ID and evidence of their social security number at the 341(a) Creditor's Meeting.

Debtors are to provide the Trustee with written documentation supporting income earnings as set forth in Schedule I of the debtor's case within 15 days of the filing of the case. If documents are not provided, the Trustee may move for dismissal of the case without further notice to the Debtor or creditors. Alternatively, the Trustee may seek an extension of time to file to move for dismissal if the Trustee is investigating assets of the estate, without further notice to the Debtor or creditors.

**Debtors and debtors' attorneys must review the Standing Administration Guidelines immediately to comply with the production of supporting documentation of material represented in the Schedules and Statement of Financial Affairs. Failure to do so in a timely manner may result in continuances of Meetings and additional appearances.** The Standing Administration Guidelines are available on the internet at:

http://www.casb.uscourts.gov/PDF&Downloads/GUIDELINES.PDF

## DISMISSAL OF CASE

Notice is given that this case will be dismissed if the debtor(s) fails to pay the filing fee pursuant to Interim Rules of Bankruptcy Procedure 1006. This dismissal will occur without further notice.

Furthermore, notice is given that if the Debtor fails to file schedules, statements or other documents required by Interim Rules of Bankruptcy Procedure 1007 and/or 11 U.S.C. 521, or if the Debtor or Joint Debtor fails to appear at the §341(a) meeting that the Court, Trustee or U.S. Trustee may move for dismissal of the case without further notice to the Debtor or creditors.

## NOTICE OF FILING OF FINANCIAL MANAGEMENT COURSE CERTIFICATE

Notice is given that this case will be closed with no discharge if the debtor(s) fail to file the required Financial Management Course Certificate within 45 days from the conclusion of the 341(a) meeting.

## BANKRUPTCY FRAUD

If you have information regarding any bankruptcy fraud or abuse, please contact the United States Trustee in writing at 402 West Broadway, Suite 600, San Diego, CA 92101 and/or by calling 619-557-5013.

For the Court:

Barry K. Lander, Clerk
United States Bankruptcy Court
Southern District of California

Dated: 7/2/07

BAE SYSTEMS
Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0974-3 User: tbobis Page 1 of 1 Date Rcvd: Jul 02, 2007
Case: 07-03693 Form ID: b9a Total Served: 27

The following entities were served by first class mail on Jul 04, 2007.

| | |
|---|---|
| db | +Pamela Jean Cruz, 1829 Avenida Sevilla, Oceanside, CA 92056-6213 |
| aty | +Jeffrey D. Larkin, Doan, Levinson & Liljegren, LLP, 2850 Pio Pico Dr., Suite D, Carlsbad, CA 92008-1555 |
| tr | +Nancy Wolf, P.O. Box 420446, San Diego, CA 92142-0449 |
| smg | +Div. of Labor Standards Enforcement, 7575 Metropolitan Drive, Suite 210, San Diego, CA 92108-4424 |
| smg | +Dun & Bradstreet, Attn: Public Records, Maryanne Bachert, 899 Eaton Ave., Bethlehem, PA 18025-0025 |
| smg | +Employment Develop. Dept., State of CA, Bankruptcy Unit - MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001 |
| smg | +State Board of Equalization, P.O. Box 942879, Sacramento, CA 94279-0001 |
| 9134668 | +American Medical Response, PO Box 60000, San Francisco, CA 94160-0001 |
| 9134670 | +Chase Home Loans, P.O. Box 78116, Phoenix, AZ 85062-8116 |
| 9134672 | +Cost Plus World MA/GEMB, PO Box 981439, El Paso, TX 79998-1439 |
| 9134673 | GMAC Mortgage, 3451 Hammond Avenue, P.O. Box 780, Waterloo, IA 50704-0780 |
| 9134674 | +HSBC Best Buy, PO Box 15521, Wilmington, DE 19850-5521 |
| 9134676 | +Placer County Assessor, PO Box 7790, Auburn, CA 95604-7790 |
| 9134677 | Sutter Connect, PO Box 255448, Napavine, WA 98565 |
| 9134678 | +The City of Lincoln, 640 5th Street, Lincoln, CA 95648-1878 |
| 9134679 | +The home depot/CBSD, P.O. Box 6003, Hagerstown, MD 21747-6003 |
| 9134681 | +Tri City Medical Center, File 52706, Los Angeles, CA 90074-0001 |
| 9134683 | +USAA Federal Savings Bank, PO Box 660986, Sacramento, CA 95866-0986 |
| 9134684 | +Wells Fargo Bank, P.O. Box 5445, Portland, OR 97228-5445 |

The following entities were served by electronic transmission on Jul 03, 2007.

| | |
|---|---|
| smg | EDI: CALTAX.COM Jul 03 2007 04:41:00 Franchise Tax Board, Attn: Bankruptcy, P.O. Box 2952, Sacramento, CA 95812-2952 |
| smg | E-mail/PDF: ustp.region15@usdoj.gov Jul 03 2007 08:48:06 Office of the U.S. Trustee, 402 West Broadway, Ste. 600, San Diego, CA 92101-8511 |
| ust | +E-mail/PDF: ustp.region15@usdoj.gov Jul 03 2007 08:48:06 United States Trustee, Office of the U.S. Trustee, 402 West Broadway, Sute 600, San Diego, CA 92101-8511 |
| 9134669 | +EDI: BANKAMER.COM Jul 03 2007 04:40:00 Bank of America, 1000 Samoset, Wilmington, DE 19884-2311 |
| 9134671 | +EDI: CHASE.COM Jul 03 2007 04:40:00 Chase/Circuit City, 225 Chastain Meadows CT NW, Kennesaw, GA 30144-5841 |
| 9134674 | +EDI: HFC.COM Jul 03 2007 04:40:00 HSBC Best Buy, PO Box 15521, Wilmington, DE 19850-5521 |
| 9134675 | +EDI: CBSKOHLS.COM Jul 03 2007 04:41:00 Kohls/Chase, N56W17000 Ridgewood, Menomonee Falls, WI 53051-5660 |
| 9134680 | +EDI: WTRRNBANK.COM Jul 03 2007 04:41:00 TNB-Target, PO Box 673, Mailstop 6CA, Minneapolis, MN 55440-0673 |
| 9134682 | +EDI: USAA.COM Jul 03 2007 04:40:00 USAA Credit Card Services, 10750 Mcdermott Fwy, San Antonio, TX 78288-1600 |
| 9134684 | +EDI: WFFC.COM Jul 03 2007 04:40:00 Wells Fargo Bank, P.O. Box 5445, Portland, OR 97228-5445 |

TOTAL: 10

***** BYPASSED RECIPIENTS *****

NONE.

TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 04, 2007 Signature: [signature]

PRESORTED
STANDARD

UNITED STATES POSTAGE

02 1M
0004214914

$ 00.25[5]

MAILED FROM ZIP CODE 92126

JCK ZDM9 92056

# EXHIBIT B

Experian
A world of insight

Prepared for
PAMELA J CRUZ
Report number
0174957444

Report date
November 03, 2007



www.experian.com/disputes

## Before contacting us, you should carefully review this report.

### Disputing information in your report

If you disagree with an item, you may dispute it. We will contact the source of the information and ask them to check their records. Because your report is updated often, contact us within 90 days from the date above.

*For the fastest and easiest way to dispute information, visit:*

**www.experian.com/disputes**

Or call 1 800 509 8495. **Dispute services are available 24 hours a day, seven days a week.**

******************MIXED ADC 683
0000187 4 SP 1.310 F 176 *
PAMELA J CRUZ
1829 AVENIDA SEVILLA
OCEANSIDE CA 92056-6213

## Your personal credit report

### Potentially negative items or items for further review

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens and judgments. It also may contain items that are not necessarily negative but that a potential creditor might want to review more closely, such as an account that has been settled or transferred.

### Accounts in good standing

Items display in this section when your creditor reports that you have satisfactorily met the terms of your agreements with them. Some creditors may not report consumer credit information to us, so all of your accounts may not be listed.

### History of your account balances

Reports up to two years of your monthly balances on an account, if reported by your creditor.

### Requests for your credit history

We list anyone that has reviewed your credit information in the last two years

### Personal information

This information is reported to us by you, your creditors and other sources.

## Other Experian credit management tools

### Score report

Order your VantageScore[SM] from Experian for only $6 by calling 1 888 322 5583

### Credit Manager

Receive unlimited access to your credit report, score and other credit management tools at www.creditexpert.com.

## About Experian

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider". Consumer statements included on your report at your request that contain medical information are disclosed to others.

0111052678

## Potentially negative items or items for further review continued

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **GEMB/WHITEHALL**<br>PO BOX 981439<br>EL PASO TX 79998<br>(800) 39? 3254<br>*Partial account number*<br>50?00?022573 ...<br>*See history of account balances for additional information* | *Date opened*<br>Dec 2005<br>*Reported since*<br>Dec 2005 | *Date of status*<br>Jul 2007<br>*Last reported*<br>Oct 2007 | *Type*<br>Revolving<br>*Terms*<br>NA<br>*Monthly payment*<br>NA | *Responsibility*<br>Individual | *Credit limit or original amount*<br>$1,500<br>*High balance*<br>$366 | *Recent balance*<br>$0 /paid as of Oct 2007 | Status: Petition for Chapter 7 Bankruptcy/Never late<br>Account history:<br>Filed Chapter 7 Bankruptcy on Jul 22, 2007<br>This account is scheduled to continue on record until Jul 2014<br>Creditor's statement: *"Account closed at credit grantor's request."* |
| **GMAC MORTGAGE**<br>PO BOX 4622<br>WATERLOO IA 50704<br>*No phone number available*<br>*Partial account number*<br>39208....<br>Mortgage: 100163122000342199 | *Date opened*<br>Jul 2006<br>*Reported since*<br>Sep 2006 | *Date of status*<br>Dec 2006<br>*Last reported*<br>Dec 2006 | *Type*<br>Mortgage<br>*Terms*<br>30 Years<br>*Monthly payment*<br>NA | *Responsibility*<br>Individual | *Credit limit or original amount*<br>$341,600<br>*High balance*<br>NA | *Recent balance*<br>NA | Status: Transferred,closed/Past due 60 days<br>Account history:<br>60 days as of Nov 2006<br>Creditor's statement: *"Account transferred to another lender."* |
| **GMAC MORTGAGE**<br>PO BOX 4622<br>WATERLOO IA 50704<br>*No phone number available*<br>*Partial account number*<br>39209....<br>Mortgage: 100163122000342405 | *Date opened*<br>Jul 2006<br>*Reported since*<br>Oct 2006 | *Date of status*<br>Mar 2007<br>*Last reported*<br>Mar 2007 | *Type*<br>Mortgage<br>*Terms*<br>30 Years<br>*Monthly payment*<br>$805 | *Responsibility*<br>Individual | *Credit limit or original amount*<br>$85,400<br>*High balance*<br>NA | *Recent balance*<br>$90,803 as of Mar 2007 | Status: Open/Past due 180 days.<br>Balloon payment of $72,142 due Aug 2021.<br>Account history:<br>180 days as of Mar 2007<br>150 days as of Feb 2007<br>120 days as of Jan 2007<br>90 days as of Dec 2006<br>As of Sep 2013, this account is scheduled to go to a positive status |
| **HSBC/BSBUY**<br>PO BOX 15524<br>WILMINGTON DE 19850<br>(800) 677-2700<br>*Partial account number*<br>70?10?813860 ... | *Date opened*<br>Aug 2006<br>*Reported since* | *Date of status*<br>Jul 2007<br>*Last reported* | *Type*<br>Revolving<br>*Terms*<br>NA<br>*Monthly payment*<br>NA | *Responsibility*<br>Individual | *Credit limit or original amount*<br>NA<br>*High balance*<br>$2,795 | *Recent balance*<br>$0 /paid as of | Status: Petition for Chapter 7 Bankruptcy.<br>Account history:<br>Filed Chapter 7 Bankruptcy on Jul 06, 2007<br>Creditor's statement: *"Purchased by another lender."* |